IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

*U.S. DISTRICT COURT FILED AT WHEELING, WV JAN 31 2001 NORTHERN DISTRICT OF WV OFFICE OF THE CLERK*

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXXON MOBIL CORPORATION AND ) <br> GREEN BLUFF DEVELOPMENT INC. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1 01CV15 |

## COMPLAINT

Plaintiff, the United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the United States Environmental Protection Agency ("EPA"), alleges as follows:

### NATURE OF ACTION

1. This is a civil action brought pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. § 9607, for reimbursement of costs incurred by Plaintiff in response to the release or threatened release of hazardous substances from facilities located at the Fairmont Cokeworks Superfund Site ("Site') in Fairmont, Marion County, West Virginia which was or is owned and/or operated by Defendants.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and the parties hereto, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the releases or threatened releases of hazardous substances that gave rise to the claims in this action occurred in this district and because the Site is located in this district.

### DEFENDANTS

4. Defendant Exxon Mobil Corporation is a New Jersey corporation.

5. Defendant Green Bluff Development Inc. is a Texas corporation and is a wholly-owned subsidiary of Defendant Exxon Mobil Corporation.

6. Defendants are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## GENERAL ALLEGATIONS

7. The Site consists of approximately 107 acres of adjoining parcels of land. Fifty-seven acres of the Site were historically used for coke plant operations, waste treatment and disposal practices. The remaining 50 acres consist of a wooded hillside which descends to the Monongahela River, at the southern portion of the Site. Coke processing operations began at the Site in 1920 and continued until the early 1990's. EPA investigations determined the presence of hazardous substances, as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), including but not limited to phenols, ammonium sulfate, benzene, toluene, xylene, polynuclear aromatic hydrocarbons and mercury in soils and groundwater at the Site.

8. Defendant Exxon Mobil Corporation is the lawful successor to Domestic Coke Corporation.

9. Domestic Coke Corporation was incorporated under the laws of the State of Delaware on May 23, 1918.

10. Domestic Coke Corporation's name was changed to Esso Shipping Company on November 17, 1949.

11. Esso Shipping Company changed its name to Esso Tankers, Inc. on May 25, 1961.

12. Esso Tankers, Inc. and Esso International, Inc. filed a Certificate of Agreement of Merger on December 31, 1962.

13. Esso International, Inc. merged into Exxon Corporation on April 26, 1973.

14. On November 30, 1999, Exxon Corporation changed its name to Exxon Mobil Corporation when Mobil Corporation became a wholly-owned subsidiary of Exxon Corporation.

15. From approximately 1918 until January 1948, Defendant Exxon Mobil Corporation, through its predecessor at law Domestic Coke Corporation, owned and/or

operated facilities at the Site. During the time of Defendant Exxon Mobil Corporation's ownership and/or operation of the Site, one or more hazardous substances, including but not limited to those listed in paragraph 7, were "disposed" of on the Site within the meaning of Section 101(29) of CERCLA, 42 U.S.C. §9601(29).

16. Since June 15, 1998, Defendant Green Bluff Development Inc. has owned the Site. EPA has found soils and/or groundwater at the Site to be contaminated with hazardous substances, including but not limited to those hazardous substances listed in paragraph 7.

## CLAIM FOR RELIEF

18. The allegations of paragraphs 1 through 16 are realleged and incorporated herein by reference.

19. The manufacturing facilities at the Site are "facilities" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

20. Defendant Green Bluff Development Inc. is an "owner" and/or "operator" of facilities at the Site within the meaning of Sections 101(20) and 107(a)(1) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(1).

21. There have been "releases" or threatened "releases" of hazardous substances into the environment at or from facilities located at the Site which are owned and/or operated by Defendant Green Bluff Development Inc. within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

22. Defendant Exxon Mobil Corporation was an owner and/or operator of facilities within the meaning of Sections 101(20) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(20) and 9607(a)(2), at the time of "disposal" of hazardous substances at such facilities within the meaning of Section 101(29) of CERCLA, 42 U.S.C. § 9601(29).

23. Defendant Exxon Mobil Corporation owned and/or operated facilities at the Site from which there were "releases," or threatened "releases," of hazardous substances into the environment within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

24. The actions taken by the United States in connection with the release, or threatened release, of hazardous substances from facilities at the Site constitute "response" actions within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), for which

the United States has incurred and will continue to incur costs.

25. The costs incurred by the United States in connection with releases or threatened releases of hazardous substances from facilities at the Site were not inconsistent with the National Contingency Plan, promulgated under Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and codified at 40 C.F. R. §§ 300 to -920.

26. As of September 1998, the United States incurred unreimbursed response costs in connection with releases or threatened releases of hazardous substances from facilities at the Site in excess of $11.8 million. The United States will continue to incur costs in connection with releases or threatened releases of hazardous substances from facilities at the Site.

27. To date, Defendants have not reimbursed the United States for any of the response costs incurred in connection with the Site.

28. Pursuant to Section 107(a), the Defendants are jointly and severally liable to the United States for response costs incurred and to be incurred by the United States in connection with releases or threatened releases of hazardous substances from facilities at the Site, including enforcement costs and prejudgment interests on such costs.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, United States of America, prays that this Court:

1. Enter judgment against Defendants in favor of Plaintiff for response costs which have been incurred by the United States at and in connection with the release or threatened release of hazardous substances from facilities at the Site, plus interest;

2. Enter a declaratory judgment on liability against Defendants in favor of Plaintiff, that will be binding in future actions to recover further response costs at and in connection with the release or threatened release of hazardous substances from facilities at the Site; and

3. Grant such further relief as the Court may deem appropriate.

Respectfully submitted,

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources
Division

*[signature]*
MATTHEW B. CRUM
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-3900

*[signature]*
MELVIN W. KAHLE, JR.
United States Attorney
Northern District of West Virginia

*[signature]*
PATRICK FLATLEY
Assistant United States Attorney
Northern District of West Virginia
Chief, Civil Division
P.O. Box 591
Wheeling, West Virginia 26003-0011
(304) 234-0100

OF COUNSEL:

BONNIE PUGH WINKLER
Senior Assistant Regional Counsel
Office of Regional Counsel
U.S.E.P.A., Region III
1650 Arch Street
Philadelphia, Pa. 19103